1 UNITED STATES DISTRICT COURT 
2 NORTHERN DISTRICT OF CALIFORNIA 
3 
4 STEVEN WAYNE BONILLA, Case Nos. 25-cv-1979-PJH 
 Plaintiff, 25-cv-1980-PJH 
5 
 25-cv-2063-PJH 
 v. 
6 25-cv-2064-PJH 
7 25-cv-2065-PJH 
 JUDGE LYDIA VILLARREAL et. al., 
 25-cv-2178-PJH 
8 
 Defendants. 25-cv-2179-PJH 
9 25-cv-2180-PJH 
10 25-cv-2182-PJH 

 25-cv-2183-PJH 
11 
 25-cv-2184-PJH 
12 25-cv-2444-PJH 
13 25-cv-2445-PJH 

 25-cv-2513-PJH 
14 
 25-cv-2532-PJH 
15 25-cv-2533-PJH 
16 25-cv-2535-PJH 

 25-cv-2536-PJH 
17 
 25-cv-2537-PJH 
18 25-cv-2538-PJH 
19 25-cv-2539-PJH 

 25-cv-2540-PJH 
20 
 25-cv-2617-PJH 
21 25-cv-2618-PJH 
22 25-cv-2621-PJH 

 25-cv-2629-PJH 
23 

24 ORDER DISMISSING MULTIPLE 
 CASES WITH PREJUDICE 
25 
26 
 Plaintiff, a state prisoner, filed multiple pro se civil rights complaints under 42 
27 
 U.S.C. § 1983. Plaintiff is a condemned prisoner who also has a pending federal habeas 
1 petition in this court with appointed counsel. See Bonilla v. Ayers, Case No. 08-0471 
2 YGR. Plaintiff is also represented by counsel in state court habeas proceedings. See In 
3 re Bonilla, Case No. 20-2986 PJH, Docket No. 1 at 7. 
4 Plaintiff presents nearly identical claims in these actions. He names as 
5 defendants various federal and state judges and other officials. He seeks relief regarding 
6 his underlying conviction or how his other cases were handled by the state and federal 
7 courts. 
8 To the extent that plaintiff seeks to proceed in forma pauperis (IFP) in these cases, 
9 he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is 
10 “under imminent danger of serious physical injury” at the time he filed his complaint. 28 
11 U.S.C. 1915(g); In re Steven Bonilla, Case No. 11-3180 CW; Bonilla v. Dawson, Case 
12 No. 13-0951 CW. 
13 The allegations in these complaints do not show that plaintiff was in imminent 
14 danger at the time of filing. Therefore, he may not proceed IFP. Moreover, even if an 
15 IFP application were granted, his lawsuits would be barred under Heck v. Humphrey, 512 
16 U.S. 477, 486-87 (1994), Younger v. Harris, 401 U.S. 37, 43-54 (1971), Demos v. U.S. 
17 District Court, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or Mullis v. U.S. Bankruptcy Court, 
18 828 F.2d 1385, 1393 (9th Cir. 1987). Accordingly, the cases are dismissed with 
19 prejudice. The court notes that plaintiff has an extensive history of filing similar frivolous 
20 cases.1 
21 Furthermore, these are not cases in which the undersigned judge’s impartiality 
22 might be reasonably questioned due to the repetitive and frivolous nature of the filings. 
23 See United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate 
24 reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases 
25 assigned to that judge). 2 
26 
 1 The undersigned is the fourth judge assigned cases filed by plaintiff. This is the 74th 
27 
 order issued by the undersigned since April 30, 2020, pertaining to 1,090 different cases. 
1 The clerk shall terminate all pending motions and close these cases. The clerk 
2 shall return, without filing, any further documents plaintiff submits in these closed cases. 
3 IT IS SO ORDERED. 
4 Dated: March 27, 2025 
5 
6 /s/ Phyllis J. Hamilton 
 PHYLLIS J. HAMILTON 
7 United States District Judge 
8 
9 
10 
11 
12 
13 
14 
15 
16 
17 
18 
19 
20 
21 
22 
23 
24 
25 
26 
27